```
 1  Benjamin Schonbrun, SBN 118323
    SCHONBRUN DESIMONE SEPLOW
 2  HARRIS & HOFFMAN                    NOTE: CHANGES MADE BY
    723 Ocean Front Walk                THE COURT
 3  Venice, CA 90291
    Telephone: (310) 396-0731
 4  Fax:       (310) 399-7040

 5  Attorneys for Plaintiff,
    LOLA KRUGEL
 6


 7  THOMAS P. O'BRIEN
    United States Attorney
 8  LEON W. WEIDMAN
    Assistant United States Attorney
 9  Chief, Civil Division
    DAVID PINCHAS
10  Assistant United States Attorney
    California State Bar Number: 130751
11       Room 7516, Federal Building
         300 North Los Angeles Street
12       Los Angeles, California 90012
         Telephone: (213) 894-2920
13       Facsimile: (213) 894-7819
         Email: david.pinchas@usdoj.gov
14
    Attorneys for Defendant
15  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOLA KRUGEL, | |
| Plaintiff, | NO. CV 06-5116 SVW (PLAx) |
| v. | PROTECTIVE ORDER |
| UNITED STATES OF AMERICA and DOES 1-10, | |
| Defendants. | |

The foregoing stipulation is approved and pursuant to 5 U.S.C. § 552a(b)(11), IT IS ORDERED that Defendant is authorized to

1  release to Plaintiff's counsel, and this Court, the following
2  without obtaining prior written consent of the individuals to whom
3  the records pertain:  1) the videotape of the murder of Earl
4  Krugel; 2) the central inmate files for Earl Krugel and Jennings
5  (excluding presentence reports); 3) FBI memoranda of interviews of
6  witnesses to the murder of decedent Earl Krugel; 4) photographs of
7  the decedent and the crime scene; 5) reports of the investigation
8  of the murder; 6) recordings of conversations regarding decedent
9  or the murder; 7) records regarding prior assaults at Defendant's
10 institutions and 8) memoranda concerning BOP policies regarding
11 response to emergency situations.  Such disclosure is subject to
12 the following conditions:
13     1.   For purposes of this Protective Order, the term "record"
14 shall have the same meaning as set forth in the Privacy Act, 5
15 U.S.C. § 552a(a)(4).
16     2.   The government records described above shall be marked
17 "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE
18 ORDER" or contain a similar marking, and may be used only for
19 purposes of this litigation.  For any government records, such as
20 computer data, whose medium makes such stamping impracticable, the
21 diskette case and/or accompanying cover letter shall be marked
22 "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE
23 ORDER" or contain a similar marking. Answers to interrogatories,
24 if any, that contain protected information derived from records
25 subject to this Protective Order also shall be marked "PRODUCED
26 SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or

contain a similar marking, and may be used only for purposes of this litigation.  Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

  3. Any government documents or information produced by Defendant that are designated as subject to this Protective Order shall be used by the Plaintiff or her representative(s) only for purposes of litigating this case, including any subsequent appeals, and shall not be disclosed by the Plaintiff or her representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case, including any subsequent appeals.

  4. Except as otherwise ordered by this Court, any government documents or information subject to this Protective Order may be disclosed only to the following persons: (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in this action; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this action; (d) persons whom counsel determine may be called as witnesses in this case, except that if either party seeks to show any documents or information subject to the Protective Order to any inmate, or former inmate, both parties must consent to the

disclosure.

5.   All individuals to whom documents or information subject to this Protective Order are disclosed **other than the Court and Court personnel** shall be informed of and shall agree with the terms of this Protective Order and shall not otherwise disclose the documents or information subject to this Protective Order to the public or to any person or entity, and shall acknowledge in writing their having read this Protective Order and their agreement to comply with the provisions of this Order. Plaintiff's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded.  Should Plaintiff or her counsel wish to disclose records or information subject to this Protective Order to any persons other than those indicated in this paragraph and paragraph 4, above, Plaintiff's counsel must obtain Defendant's consent.  If Defendant does not consent to disclosure, then Plaintiff or her counsel may, on motion, seek modification of this Protective Order from the Court, **utilizing Local Rule 37.**

6.   Each party reserves the right to move to modify the terms of this Protective Order, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

7.  Unless the Court has previously ruled that a document or information is not subject to this Protective Order, government documents or information subject to this Protective Order may be presented to the Court only **with an application to file the document or information** under seal.  Should the parties seek to use documents or information subject to this Protective Order in open Court or at trial, orally or through documents, including as

trial exhibits, or seek to file such information as part of a public filing (e g., a pleading, motion, exhibitor expert report), they must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8.  The protected documents and discovery responses, and all copies thereof, produced in connection with this action must be returned by the Plaintiff or other receiving party to Defendant upon the conclusion of this case, including any subsequent appeals.  Within thirty days of the conclusion of this action and any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to Defendant.  Within forty-five days of the termination of this case, including any subsequent appeals, Plaintiff or Plaintiff's counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain information protected hereunder derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a Court of Appeals in connection with this action.

9.  Neither the United States Department of Justice, including the BOP and the United States Attorney's Office and the Federal Bureau of Investigation, nor any of its officers, agents employees, or attorneys, shall bear any responsibility or

liability for any disclosure of any documents obtained by Plaintiff's counsel under this Protective Order, or of any information contained in such documents.

    10. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the relevance, or admissibility of any record, other than objections based on the Privacy Act.

    11. Other than explicitly set forth herein this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

DATED: September 9, 2008.

                                                      /s/
                                    Paul L. Abrams
                    UNITED STATES MAGISTRATE JUDGE